UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

JAMES HIGHTOWER,               )
                                      )
      Plaintiff,                   )       Civil Action No. 5:25-CV-117-CHB
                                        )
v.                               )
                                      )
ABIGAIL CAUDILL, Warden, et al.,   )     **MEMORANDUM OPINION**
                                      )          **AND ORDER**
      Defendants.             )

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff James Hightower has filed a *pro se* civil rights complaint. [R. 1]. The Court has

granted his motion to proceed *in forma pauperis* by separate Order. [R. 6]. The Court must review

the complaint prior to service of process, and dismiss any claim that is frivolous or malicious, fails

to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who

is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; *Hill v. Lappin*, 630 F. 3d 468, 470-

71 (6th Cir. 2010). At this stage, the Court accepts all non-conclusory factual allegations in the

complaint as true and liberally construes its legal claims in the plaintiff's favor. *Davis v. Prison*

*Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

The events described in Hightower's complaint arose in October 2024 at the Northpoint

Training Center where he was confined.[1]  *See* [R. 1, pp. 6, 8]. Hightower alleges that he

complained to ADA Coordinator Coleman that prison staff were not making announcements for

hard-of-hearing inmates. *See id*., p. 8. Coleman then allegedly called five inmate aides into her

---

[1] There are a number of inconsistencies between, and/or ambiguities within, Hightower's factual allegations in his complaint and his assertions in grievance documents he filed with prison officials. *Compare* [R. 1, pp. 6–10] *with* [R. 1-2, pp. 5–11]. The differences do not appear material, but for the avoidance of doubt, the Court relays primarily the allegations contained in Hightower's complaint.

office and questioned them about the asserted failure.  According to Hightower, prison staff later

told him that another inmate had been overheard making a threatening statement directed toward

him.  *See id*.  When officers asked Hightower whether he wanted to be placed in protective custody,

he said yes – not from the inmate, but from ADA Coordinator Coleman.  *See id*., pp. 8–9.  At that

time, Lieutenant Matt Bugg told Hightower to return to his regular cell.  When Hightower

continued to repeat his demand for protective custody from officer Coleman, Lt. Bugg told

Hightower to either return to his cell or place his hands behind his back to be handcuffed.  *See id.*,

p. 9.  Hightower chose the latter.  *See id.; see also* [R. 1-2, pp. 5-7].

Hightower alleges that when he was being handcuffed, one of the cuffs "pinched" his wrist,

causing him to jump and to pull his arm in front of him.  Apparently perceiving Hightower's

actions as resistance, Lieutenant Jeffrey Durbin pushed Hightower up against the wall and Bugg

threatened to use pepper spray if he did not comply with officers' instructions.  *See* [R. 1, p. 9];

*see also* [R. 1-2, pp. 1–2].  As a result of these events, Hightower was charged with a disciplinary

offense for Eluding or Resisting Apprehension.  *See* [R. 1-2, pp. 1–2].  Following a hearing, a

disciplinary committee consisting of Lt. Hanna Murphy, Treatment Officer Samantha Douglas,

and Correctional Officer Austin Price found Hightower guilty of the offense and sanctioned

Hightower with thirty days in disciplinary segregation.  *See* [R. 1-2, pp. 3–4].  Hightower appealed

that decision to Warden Abigail Caudill, *see* [R. 1-2, pp. 5-11], who upheld the disciplinary

conviction, *see* [R. 1, p. 9].

In his complaint, Hightower contends that: (a) Coleman placed his life in danger by telling

other inmates that "he was not getting announcements made to him," *id.* at 6; (b) officers Bugg

and Durbin put his safety at risk by refusing to place him in protective custody, *id.* at 6–7; (c)

Murphy, Douglas, and Correctional Officer Zachary Stele violated unspecified rights by

2

convicting him of the disciplinary charge despite being told of Hightower's version of events, *id.* at 7; and (d) Warden Caudill violated unspecified rights by upholding the disciplinary decision, *id.* Hightower states that he suffered no physical injuries from these events, but that they caused him "mental stress."  *See id.* at 8. He seeks damages and various forms of injunctive relief for unspecified violations of his due process rights under the Fourteenth Amendment. *See id.* at 4, 8.

Having thoroughly reviewed the complaint and the exhibits attached to it, the Court will dismiss this action.  First, Warden Caudill only addressed an appeal from a disciplinary conviction, and therefore was not personally involved in the conduct underlying it.  The complaint therefore fails to state a constitutional claim against her.  *Cf. Mann v. Mohr*, 802 F. App'x 871, 876 (6th Cir. 2020); *Reed-Bey v. Pramstaller*, 607 F. App'x 445, 451 (6th Cir. 2015) ("The denial of administrative grievances or the failure to act by prison officials does not subject supervisors to liability under § 1983.") (cleaned up).

Second, Hightower asserts that "Correctional Officer Zachary Stele" was one of three officers who found him guilty of the disciplinary offense.  *See* [R. 1, p. 7].  But exhibits Hightower attached to the complaint establish that it was Correctional Officer Austin Price who was the third member of the Adjustment Committee, not Officer Stele.  *See* [R. 1-2, p. 3].  The complaint and its exhibits make no other allegations regarding this officer.  Hightower's complaint therefore fails to state any actionable claim against Stele.  *See* Fed. R. Civ. P. 8(a); *Kensu v. Corizon, Inc.*, 5 F.4th 646, 651 (6th Cir. 2021) (explaining that federal notice pleading requires, at a minimum, that a complaint advise each defendant of what he allegedly did or did not do that forms the basis of the plaintiff's claim against him).

Third, Hightower's allegations fail to state any due process claim against any of the remaining named defendants.  His allegations do not indicate any substantive due process violation

3

by officers Coleman, Bugg, or Durbin, nor any procedural due process violation during the disciplinary proceedings against him. *See Wolff v. McDonnell*, 418 U.S. 539, 564–70 (1974). Fourth, Hightower readily acknowledges that he suffered no physical injury as a result of the actions complained of. *See* [R. 1, p. 8]. Federal law prevents an inmate from seeking compensatory damages for emotional distress absent a demonstration by the inmate that he suffered a demonstrable physical injury as a result. 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury."). *See Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1999) (*citing Wilson v. Seiter*, 501 U.S. 294, 298 (1991)) ("[A] claim of psychological injury does not reflect the deprivation of 'the minimal civilized measures of life's necessities,' that is the touchstone of a conditions-of-confinement case"). To the extent Hightower seeks other than nominal or punitive damages, his claims must be dismissed.

Finally, federal law requires a prisoner to fully utilize the prison's inmate grievance system to exhaust administrative remedies before filing suit to assert a civil claim regarding the conditions of his confinement. 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). Hightower acknowledges that he did not exhaust his administrative remedies with respect to his claims. *See* [R. 1, pp. 11–13]. Hightower is well aware of this requirement. *See Hightower v. Thompson*, No. 0:15-CV-93-HRW, 2016 WL 5422061, at *3-4 (E.D. Ky. Sept. 27, 2016) (dismissing complaint for, *inter alia*, failure to exhaust administrative remedies), *aff'd*, No. 16-6737 (6th Cir. July 7, 2017), *aff'd upon denial of reconsideration*, No. 20-5069, 2020 WL 9259082, at * 2, *cert. denied*, 141 S. Ct. 2829 (2021).

4

Hightower asserts that the grievance process does not apply to his claims. *See* [R. 1, p. 11]. That is incorrect. The Kentucky Department of Corrections' Policies and Procedures ("CPP") 14.6 creates a broadly-applicable inmate grievances process.[2] That process covers "any aspect of an inmate's life in prison that is not specifically identified as a non-grievance issue." *See* CPP 14.6(II)(B) (June 1, 2023). Disciplinary proceedings and classification decisions are excepted, *see* CPP 14.6(II)(C)(4),(5), but only because those types of matters have their own grievance and appeal procedures. *See* CPP 15.6(II)(F) (Feb. 5, 2025); CPP 18.1(II)(M) (Feb. 4, 2025). Hightower appealed only his disciplinary conviction itself, without success. *See* [R. 1-2]. But he admits that he did not file inmate grievances regarding any of the claims he presents in his complaint, including those arising from the events before he was handcuffed, or during the disciplinary hearing or appeals process itself, independent of the underlying disciplinary charge. Hightower's failure to exhaust those claims provides yet another alternative ground for dismissal.

Accordingly, it is **ORDERED** as follows:

1.       Hightower's complaint **[R. 1]** is **DISMISSED** for failure to state a claim.

2.       This matter is **STRICKEN** from the active docket.

This the 3rd day of July, 2025.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

---

[2] Current KDOC policies are available at https://corrections.ky.gov/About/cpp/Pages/default.aspx (accessed July 2, 2025).